1
2
3
4
5                        IN THE UNITED STATES DISTRICT COURT
6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    STONEWALL TOWERY,                          No. C 07-4037 SI
9              Plaintiff,                       **ORDER AWARDING ATTORNEY'S**
                                                **FEES UNDER SOCIAL SECURITY ACT**
10     v.                                       **42 U.S.C. § 406(b)**
11   MICHAEL ASTRUE, Commissioner, Social
     Security Administration,
12
13            Defendant.
     _____/
14

15        Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).

16   On February 20, 2004, plaintiff applied for disability insurance benefits and supplemental security

17   income benefits.  Attorney Betty Herrera represented plaintiff before the Administrative Law Judge

18   ("ALJ") and this Court.  By order filed August 19, 2008, the Court granted plaintiff's motion for

19   summary judgment and remanded for further proceedings before the ALJ.  On February 9, 2009, an ALJ

     issued a favorable decision finding plaintiff disabled and entitled to benefits.
20
21        As a result of the favorable decision, plaintiff received a gross total of $62,269.00 in retroactive

22   benefits.  Of this amount, $15,567.25 has been withheld toward prospective payment of attorney's fees.

23   Under the terms of the contract between plaintiff and his counsel, plaintiff's counsel is to be paid a total

24   maximum of 25% of the past-due benefits being withheld as attorney's fees for work performed under

     § 406(a) and § 406(b).  *See* Motion, Ex. C.
25
26        Plaintiff's counsel seeks a total of $15,567.25, of which $6,100 would be credited back to

27   plaintiff, which would result in plaintiff paying his counsel a net fee under § 406(b) of $9,467.25, or

28   15.20% of past-due benefits.  In support of the motion, plaintiff's counsel has submitted her fee

United States District Court
For the Northern District of California

1  agreement with plaintiff, time records, and statistical data on local standard hourly billing rates and

2  plaintiffs' success rates in Social Security actions.  Defendant has not opposed the motion.

3       Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may

4  determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the

5  plaintiff's entitlement to the total past-due benefits.  42 U.S.C. § 406(b)(1)(A).  The Court must review

6  counsel's request for fees "as an independent check" to assure that the contingency fee agreement will

7  "yield reasonable results in particular cases."  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

8  Section 406(b), "does not displace contingent-fee agreements within the statutory ceiling; instead

9  § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09.

10  The Court should consider the character of the representation and the results achieved in making its

11  determination.  *Id.*  An award of § 406 fees is offset by any award of attorney fees granted under the

12  EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

13       The Court finds that the amount of fees sought is reasonable.  As an initial matter, the Court

14  finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and his

15  counsel provides that if plaintiff received a favorable decision any time after an unfavorable ALJ

16  decision, plaintiff agreed to pay counsel a fee no greater than 25 percent of the past-due benefits he was

17  awarded.  The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering

18  attorney's fees because the claims had been denied after exhausting administrative remedies.  The work

19  by plaintiff's counsel was not insubstantial; plaintiff's counsel filed a successful motion for summary

20  judgment, and plaintiff prevailed on remand and obtained more than four years of past-due benefits as

21  well as ongoing benefits.  After review of the record, the Court finds that the requested attorney's fees

22  are reasonable and do not constitute a windfall.  *See Gisbrecht*, 535 U.S. 789; *see Hearn v. Barnhart*,

23  262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003).

24

25  **CONCLUSION**

26       For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney fees and

27  awards fees in the amount of $15,567.25 pursuant to 42 U.S.C. § 406(b)(1)(A).  (Docket No. 31).  The

28  Court further directs plaintiff's counsel to reimburse plaintiff in the amount of $6,100 previously paid

**United States District Court**
For the Northern District of California

2

under the EAJA, for a net total under § 406(b) of $9,467.25.

   **IT IS SO ORDERED.**

Dated:     June 6, 2009

_____
SUSAN ILLSTON
United States District Judge

3